## CLAY PETERS VS. THE UNITED STATES.

1. In an indictment for perjury, charged to have been committed before a United States land office, it is not necessary to set forth in the indictment the grounds upon which the contest is based.

2. This court will take judicial knowledge of the fact that the register and receiver has jurisdiction to hear a contest wherein one party seeks to have the homestead entry of another cancelled.

3. Registers and receivers have power to administer oaths in contest cases tried before them

4. It was not error for the court below to instruct the jury that the indictment was brought under § 5392 R. S., U. S.

5. Upon a trial of an offense against the laws of the United States, the grand jury must be summoned from the county in which the offense is committed.

6. At the beginning of the term, the court is convened for federal and territorial business and is in session for both purposes until the same finally adjourns for the term.

7. The materiality of the testimony upon which perjury is assigned is a question of law for the court.

8. An application for a new trial, and affidavits filed in support thereof, cannot be considered by this court, where the record shows that the same have never been presented to the trial court.

*Amos Green & Son* for appellant.

*Horace Speed* and *C. R. Brooks* for appellee.

*Petition for Rehearing.*

The petition for rehearing denied.

The opinion of the court was delivered by

DALE, C. J.: At the June term, 1893, the above styled cause was argued and an opinion rendered affirming the judgment of the trial court. The appellant filed his petition for rehearing and it will now be considered upon such petition.

It is contended that the law applicable to the case was misapplied, and that some of the material questions presented were overlooked and not passed upon by the court in rendering its opinion.

The first contention raised is that proper consideration was not given to the ground of error, alleging that the indictment is totally defective in not alleging that the trial was had before the register and receiver.

In discussing this question, the court, in its former opinion, says: "In further support of the demurrer, it is contended that there is no allegation in the indictment to the effect that the contest of *Brown vs. Peters* was pending before the register and receiver, and that the allegation that said contest was pending in the United States land office, and then and there came on to be heard, is not equivalent to an allega-

tion that the contest was pending before, and came on to be heard by, the register and receiver. If this allegation stood alone and was not aided by the other allegations of the indictment, there might be some reason in appellant's contention," and, following this language, the opinion specifically points out the con-clusion arrived at by the court upon the proposition raised. There is no ground for the statement in coun-sel's brief that the matter was not considered, and nothing is advanced which would induce the court to change the conclusion heretofore reached.

It is further contended that the indictment fails to allege upon what grounds it was sought to have the entry of Peters cancelled, or to allege that it came on before any officer or person having jurisdiction to hear and try the same, or that the matter in controversy was such as the officer or officers hearing the same had any jurisdiction over the person or over the subject matter.

In part the alleged defects were not heretofore dis-cussed. It is not necessary to set forth in an indict-ment the grounds upon which the entry of Peters was sought to be cancelled. The purpose of any allega-tion upon that subject is to show jurisdiction, and be-yond that it is wholly immaterial what the contest affidavit contained.

If the indictment had simply set forth the title of the cause and alleged jurisdiction to hear the same to have been in the land office, it would have been suffi-cient. The recital to the effect that Andrew J. Brown sought to have the homestead entry of Clay Peters can-celled is equivalent to a statement that the court had jurisdiction to try the matter, as this court will take judicial knowledge of the fact that the land office has jurisdiction to try causes wherein one party seeks to have the homestead entry of another cancelled.

It is contended that the registers and receivers have a special and limited jurisdiction to try and determine only a certain class of cases. That rule 4 of the rules and regulations of the land department limits their jurisdiction, and that the trial court could not judicially know that a contest which seeks to have a homestead entry cancelled is within the power of the register and receiver to hear, and therefore such jurisdictional facts must be set forth in the indictment as will make it affirmatively appear that the register and receiver could hear and determine the cause.

Rule 4, above referred to, is as follows: "Registers and receivers may order hearings in all cases wherein entry has not been perfected and no certificate has been issued as a basis for patent."

If there is any merit in such contention, we will direct council's attention to the fact that a perfected entry is not, under the rules of the land department, styled a "homestead entry," but is usually termed "final homestead entry," and that where the indictment refers to a homestead entry it means, under the rules of the land department, such an entry as the register and receiver has jurisdiction to hear.

It is further contended that the register and receiver have no power under the law to administer an oath in a contest proceeding. Upon that question we simply call attention to the recent decision of the supreme court of the United States in *Caha vs. U. S.* 152, 211.

Upon the matter of a change of venue from the trial judge, again urged for further consideration, the question was directly passed upon in the case of *Stanley vs. United States,* 1 Ok., 336, and again fully considered when this cause was first submitted, and the rule announced in the former case adhered to. Nothing of argument or authority is now advanced which we deem of sufficient importance to justify a reversal of the conclusion heretofore arrived at.

Objection is urged to the instructions given by the judge upon the trial of the cause below, and complaint is made that in the former opinion the court refused to pass upon the errors assigned for the reason that all of the instructions were not brought up.

The opinion does state that, as an abstract question of law, no objection can be well taken to the instructions.

The principal objection now urged is that the court below instructed the jury that the indictment was brought under § 5392, United States R. S. In *Caha, vs. United States, supra,* it is expressly held that a prosecution of like character comes within the section of the statutes referred to.

At the time this case was first heard in this court there were before us, in the abstract brought up, but the first, fourth, sixth and eighteenth instructions as excepted to. Since that time, without leave of this court, the entire record, including all the evidence, is offered. This record does not bear the signature of the trial judge and cannot be accepted as genuine, and we are not disposed to consider matters beyond what we had before us upon the former hearing, unless some gross mistake appears, and it is clearly apparent that the appellant failed to secure justice in the court below.

It is insisted that the sixth, seventh and tenth assignments of error were not passed upon by the court rendering the opinion, and that such assignments are material.

It will be noticed that the court, in rendering its opinion, grouped the sixth and seventh assignments of error with the second, and considered them all together, but, as objection is urged, we will consider them separately.

The sixth assignment objects to the legality of the grand jury which returned the indictment for the

reasons that all of said grand jury were summoned from Oklahoma county, instead of having been summoned from the district at large, and also for the reason that it does not appear from the face of the indictment that the same was returned during the first six days of the term of the court, or at a time to which the court, sitting as a federal court, had adjourned.

It has always been held that in matters of practice in federal criminal cases, the code of criminal procedure of the territory governs, so far as applicable, and not in conflict with some federal statute upon the same subject. (*Stanley vs. United States*, 1 Ok. 356.) The laws of the territory provide that a grand jury shall be summoned from the county, not from the district. There being no federal statute providing for summoning a grand jury in this territory, it follows that the practice adopted by the lower court was correct.   The Organic Act of this territory provides that "the first six days of every term of said courts, or so much thereof as may be necessary, shall be appropriated to the trial of causes arising under said constitution and laws; and it is urged that such provision creates a federal court in its nature, independent of the territorial court, and that no federal business can be transacted, except at the time fixed at the beginning of the term, or at such time to which the federal court may be adjourned. We do not so construe the law.   The same judge sits in the trial of causes whether they be upon the federal or territorial side of the court.   It is for him to say how much time, if any, beyond the six days, he will devote to federal business.   When he convenes a term of court he may devote it all to federal business should he think the public necessities so require.   It does not necessarily adjourn the term, either upon the federal or territorial side, except for the time being, because he may be sitting as federal or territorial judge.

The court is convened for both purposes, and, until it adjourns *sine die*, is as much one as the other.

The tenth assignment of error calls in question an instruction of the court. That portion objected to is as follows:

"The materiality of the testimony upon which the perjury is assigned, is a question of law for the court and not of fact for the jury."

Section 1284, Wharton, ninth edition, upon this question lays down the following rule: "But the weight of authority is, that it would be error to leave the question to the jury without definite instructions from the court, and the proper course is for the court, assuming all the evidence to be true, to determine whether the particular article of evidence is or is not material." And in *State vs. Lewis*, 10 Kan., 157, Opinion by Brewer, it is held that "on a trial for perjury the materiality of the alleged false testimony is generally a question of law for the court."

Numerous other authorities can be found in support of this position, and in reason it should be so.

A court better understands the law relating to evidence than does a jury. The court can say, and the court must, in all cases where objection is raised, determine whether or not the prosecution has made a case for the jury, and it is for the court to say in the first instance whether or not the testimony alleged to be false, and which false testimony is relied upon for a conviction, was material to the issues of the case in which such testimony was given.

In passing upon this question he determines it entirely as a question of law, and he cannot escape the duty thus imposed. By such act he takes it out of the province of the jury and should control the question until the cause is concluded.

It is claimed that the instruction given is in conflict with the rule laid down in the case of *Rich vs. United*

*States*, I. Ok. 354. We think not. In the case last referred to the record failed to show in what manner the testimony given in the land office was material, and the court held that, in the entire absence of proof, the court could not presume it material.

In this case the indictment charges that in a contest cause pending in the land office in which the defendant in this case was a party, it became and was a material fact as to where defendant was, at the hour of 12 o'clock noon of April 22, 1889, and that said defendant falsely testified that he was in the Pottawatomie reservation at that time. All the negative allegations necessary are set forth. In the absence of the record we are bound to presume that upon the trial below evidence was offered, showing the fact of the contest and the allegations upon which the same was based ; then the court must say whether or not defendant at the time he testified in the land office upon the issue framed by the contest affidavit, swore to that which was material.

A careful reading of the opinion in the case of *Rich vs. United States* will dispute the assertion of counsel.

The last proposition raised relates to newly discovered evidence. A new trial is asked for upon the ground that since the trial was had in the court below, the defendant has discovered new evidence, which, if permitted to use, will change the result of the former trial. This case was tried below and the defendant convicted in December, 1892. For the first time in the history of the case the defendant presents, upon a petition for rehearing to this court, his offer of newly discovered evidence. A new trial upon such grounds, or a reversal of the judgment of the lower court because of newly discovered evidence, cannot be considered here.

The petition for rehearing is denied.

All the Justices concurring.