The State v. Lewis.

THE STATE OF KANSAS v. JOHN LEWIS.

1. INSTRUCTIONS; *Record.* In *civil* actions the statute seems to provide that instructions reduced to writing and signed by the judge shall, when filed, become a part of the record. But whether instructions so signed and filed, in *criminal* cases, become a part of the record, is not decided.

2. PERJURY; *Materiality of Testimony, a Question of Law.* On a trial for perjury the materiality of the alleged false testimony is generally a question of law for the court.

3. ———— *When not error, if submitted to Jury.* But if left to the jury and their verdict determines the question of materiality as the court should have instructed them, no error is done to the substantial rights of the defendant.

4. ———— *Time and Place.* When an information charges an offense at a certain time and place, testimony that the defendant was at that time at a remote place, is *prima facie* material.

5. CRIMINAL TRIAL; *Irregularity.* The failure to enter a plea to an information does not render a subsequent trial so far void that false swearing thereon cannot be perjury.

*Appeal from Franklin District Court.*

INFORMATION against Lewis for perjury. He had been previously charged and tried for falsely personating another, to-wit, one Evan Lewis, "and in said assumed name and character, and by means of said false representations and personation," obtaining from the agent of the U. S. Express Co., "on the 7th day·of June 1869," a package containing $950. He was tried on the information in that case on the 2d of December 1871, and on such trial, as a witness in his own behalf, he testified that he "was not in the county of Franklin and city of Ottawa, on the 7th day of June 1869," and that he was "not in said county of Franklin from about the 15th of May 1869 until the first of August 1869." For the giving of this testimony, alleged to be knowingly false and corrupt, *Lewis* was charged with the crime of perjury, and tried at the March Term 1872 of the district court. A verdict of guilty was returned, new trial refused, and judgment was given that defendant be imprisoned in the penitentiary for the term of four years. From this judgment *Lewis* appeals to this court. The alleged errors are stated in the opinion.

*Welch & Benson,* for appellant:

1. The court below erred in submitting a question of law to the decision of the jury, to-wit: the materiality of the alleged false matter to the issue whereon it was given in evidence. The facts as to the giving of the alleged false testimony being before the court, it became a question of law for the court, as to whether such matter was material to the issue. The court should judge of the materiality of evidence in every instance; and because perjury is assigned upon it, the rule is not changed. The court should have instructed the jury from the evidence, whether the alleged false matter was material, instead of the charge given. 16 Wendell, 448; 30 Mo., 364, 367. Materiality must be proven, and cannot be inferred. The burden is upon the state to show that the alleged false matter was material. The defendant is not

required to prove a negative in this particular. Barbour's Crim. Law, 194, 201; Roscoe's Crim. Ev., 817, 819. This materiality may be shown by the production of the record, and so much of the evidence as shows the matter sworn to was material. 2 Starkie's Ev., 626, 2d ed. In this case the record was not produced, only the information and judgment. The evidence failed to show that the prisoner was arraigned, or had plead to the information. There can be no presumption, to supply the place of this essential testimony. The state was bound to show that "an issue had been joined," as charged in the information. Is this done by producing the information only? To give the court jurisdiction to try the case in which the perjury is charged, the defendant must have been arraigned, and must have plead. The bill of exceptions here fails to show that this was done. Can the court now presume that a lawful trial took place, in which perjury could be committed, although the evidence fails to show it?

The fact that the information read in evidence charged the defendant with having falsely personated another, etc., "on, to-wit, the 7th day of June, 1869," would not preclude the prosecution from showing the offense committed on another and different day, within the period prescribed in the statute of limitations, and hence was not a material allegation. It follows then, that the testimony of the defendant in that case, that he was not in Franklin county on the 7th day of June 1869 was not necessarily material, and could only become so upon the state's showing that the offense was committed upon that day. For aught that appears in the record, the package may have been taken on a different day; then how could this testimony be material?

2. There was no proof that the words upon which perjury was assigned were false in fact. The whole matter turned upon the identification of the defendant, and there is nowhere in the record any positive evidence that he was the man seen in Ottawa on the 7th day of June 1869. To overcome his own testimony on that point, there should be strong positive evidence. The court stated the true rule in this case, but the

jury disregarded it. The verdict was contrary to law, and not supported by the evidence, and the judgment should be reversed.

*C. B. Mason*, county attorney of Franklin county, for The State. (No brief filed.)

The opinion of the court was delivered by

BREWER, J.: Defendant was convicted in the district court of Franklin county of . perjury. From that conviction he appeals to this court. He complains of the instructions, and that the verdict was not supported by the evidence. It may be doubtful whether the instructions are properly before us. They are not incorporated into any bill of exceptions. They were not excepted to. A series of some sixteen instructions, signed by the district judge, appears, which the clerk says in the transcript were given on the trial. The certificate of the clerk at the close of the transcript is, that it is a copy of "all the pleadings and proceedings filed in and had by the court,"

1. Instructions; record. etc. In civil cases the statute seems to provide . that instructions reduced to writing and signed by the judge shall, when filed, become a part of the record. Civil code, §§ 275, 276, p. 682. But in criminal cases it simply declares that they shall be filed among the papers of the cause. Criminal code, § 236, p. 858. But we do not decide this question, as an examination of the transcript, as it is presented, discloses no error affecting the substantial rights of the defendant. The point made on the instructions is, that the court left with the jury the materiality of the

2. Materiality of alleged false testimony. alleged false testimony, when he should have decided it himself, and instructed the jury that it was, or was not, material. That on a trial for perjury the question of the materiality of the alleged false testimony is one of law for the court, and not one of fact for the jury, is as a general rule, true. Whether it ever be otherwise, we care not to inquire; for, conceding that the court erred in submitting the question to the jury, still the error is not, in

this case, one that has worked injury to the substantial rights of the defendant. The jury by their verdict in effect found that the alleged false testimony was material. An examination of the testimony shows that such finding was correct, and that the district court would have been compelled so to charge. If the court had charged that it was material, the jury would have been bound to have followed such instruction, and found accordingly. Without such instruction they have thus found. The result is the same, either way. How then has the defendant been prejudiced? It is claimed however in the brief of defendant that it was not shown that this alleged false testimony was material. The facts are these: The perjury charged was on the trial of this same defendant, on a previous charge of obtaining money by false personation and representations. That offense was charged to have been committed on the 7th day of June 1869. Defend-

4. When evidence as to time and place is prima facie material.

ant on that trial was sworn as a witness in his own behalf, and testified that he was not at Ottawa, the place of the offense, on that day, but was absent in the Indian Territory from sometime in the middle of May to the first of August. Of course, if true, this proved an *alibi*. But it may be said any other time within the statute of limitations would have been good under the information, and it does not appear that the witnesses upon that trial fixed the time of the transaction as of the day charged in the information. But it does appear, from two witnesses on this trial, William B. Ayers and Frank Edwards, that the time was the 7th of June, and it is nowhere intimated that any other than that day was named on the former trial. The case stands thus: An information charges a certain crime at a certain place on a certain day. The defendant swears that on that day he was in a different and remote place. *Prima facie* that is material testimony.

It is claimed that the verdict was contrary to the evidence. Upon this only one point requires any notice. On the trial of this, the perjury case, the information charging the obtaining money by false personation was offered in evidence, and

5. Irregularity in criminal trial; effect of. also the journal entry of the trial which recited that the state appeared by the county attorney, the defendant in person and by attorneys, that an application for continuance by defendant was made and overruled, that the parties then announced themselves ready for trial, the impanneling of the jury, the trial and verdict. There was no record of arraignment, waiver, or plea. Hence it is said no issue is shown to have been made, and therefore no legal trial. We do not consider this well taken. . Suppose without plea, a trial is had, and verdict of not guilty returned : could the defendant ever be retried? Has he not been in jeopardy? The question presented is not, whether proceeding to trial without plea is error sufficient to require the setting aside of a verdict of guilty upon motion. But the question is, does such omission make the attempted trial wholly void? Whether it be an error of which a defendant convicted, could avail himself on appeal, we do not care to inquire; but we cannot hold that it makes the whole proceedings of the trial a nullity. These being the only questions of importance presented, the judgment must be affirmed.

All the Justices concurring.