No. 38,303

STATE OF KANSAS, *Appellee*, v. ROBERT F. ANDERSON, *Appellant.*

(241 P. 2d 742)

Opinion filed March 8, 1952.

*Edward Rooney,* of Topeka, argued the cause, and *Jacob A. Dickinson,* and *David Prager,* also of Topeka, were with him on the briefs for the appellant.

*Warren W. Shaw,* special assistant county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, *Doral Hawks,* county attorney, and *William B. McElhenny,* special assistant county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from a conviction of first-degree murder and robbery in the first degree, and a sentence of life imprisonment in the state 'penitentiary, in a consolidated trial on two informations. Only such facts as are material to the questions raised on appeal will be related.

The defendant was charged in two separate informations which were consolidated for trial at the request of defendant and were tried to the jury at the same time. In case No. 18,611 defendant was charged with murder in the first degree for the unlawful killing of Alice Irene Gilbert on January 4, 1950. In case No. 18,612 the defendant was charged in the first count of the information with felonious assault on John Guy McCarty on January 4, 1950, and on the second count of the information with robbery in the first degree alleged to have been committed on John Guy McCarty on January 4, 1950.

Defendant entered pleas of not guilty to the three counts of the informations, and trial was commenced by consent of the parties

on May 1, 1950.   On May 10, 1950, the state concluded its evidence
and moved to withdraw from consideration of the jury the first
count of the information in case No. 18,612 charging felonious as-
sault, and to dismiss the same with prejudice for the reason that the
state's evidence disclosed it was connected and associated with the
other count of robbery.   By consent of defendant the state's motion
was sustained and this count of felonious assault was dismissed.
Defendant then moved for a discharge on the second count of the
information in case No. 18,612 charging robbery in the first degree,
for the reason that he had been placed in jeopardy on this count by
having been tried unsuccessfully on count one charging felonious
assault and acquitted by the state's dismissal with prejudice.   After
consideration the court overruled defendant's motion to discharge
defendant on the first degree robbery count.   Defendant then
moved for discharge on the first degree murder count on the sole
ground that the state's evidence did not show the defendant guilty
of the offense charged, which motion was by the court overruled.

Defendant proceeded with introduction of his evidence, at the
conclusion of which the trial court called counsel for both sides
into his chambers to consider defendant's requested instructions and
instructions prepared by the court.   There was no request for an
instruction on intoxication.   No objections were made by defendant
to the court's instructions at the time or when read to the jury.   The
jury returned two separate verdicts; one, guilty of murder in the
first degree and the other, guilty of robbery in the first degree.   Post
trial motions were filed and overruled, and defendant was sentenced
to life imprisonment.

Defendant brings the case here.   His specifications of error are
five in number, three of which are neither briefed nor argued, and
under such circumstances are regarded as abandoned and receive
no consideration on appellate review.   (*Carrington v. British Ameri-
can Oil Producing Co.*, 157 Kan. 101, 138 P. 2d 463; *Henderson v.
Deckert*, 160 Kan. 386, 162 P. 2d 88.)   Grounds of appeal entitled
to consideration and which are urged by defendant as a basis for
reversal of the judgment and sentence will be considered in order.

Defendant contends the trial court erred in the instructions given
to the jury in two particulars; first, the court failed to instruct
the jury that intoxication could reduce homicide from first-degree
murder to second-degree murder, and second, the court failed to
give an instruction on robbery in the first degree other than instruc-
tion No. 18 which quoted the statute under which defendant was

charged. As to defendant's first contention, the state asserts that the record does not justify defendant's contention that such an instruction on intoxication should have been given. A review of the record discloses that defendant prior to the time of the murder had been drinking but was not drunk. Witnesses described defendant's actions in great detail, as well as his conversation and demeanor. A friend with whom defendant had spent over twenty-four hours immediately prior to the time in question testified that defendant had drunk considerable and his voice sounded different; his speech was different; he did not stagger and no one assisted him. Two other companions testified that defendant was sober and one lady who had been with defendant two hours shortly preceding the killing testified defendant was sober. Defendant, testifying in his own behalf, did not say he was intoxicated or drunk; his defense as proposed to the jury was that he had been drugged. He stated: "I think I went to sleep or passed out or something." Defendant testified fully and in minute detail as to the events immediately before he left with the victim, Irene Gilbert, and regarding events that happened immediately after the killing. The testimony of several witnesses after defendant's return to Ed's tavern, which was less than one hour after the killing, was to the effect that defendant was not drunk.

Without detailing the lengthy testimony of numerous witnesses as to the conversation and demeanor of the defendant immediately before and after the killing—including his story in minute detail given late that night and the next day to police officers, investigators and press men—suffice it to say that while there was testimony defendant drank intoxicating liquor, there is nothing to show that there was an approach to a state of mind that would relieve him from responsibility for his acts or make it mandatory as a matter of law, in the absence of a request by defendant, that the trial court give an instruction on intoxication.

Defendant complains that the trial court should have instructed the jury that intoxication could reduce homicide from first-degree murder to second-degree murder. After all the evidence was in, defendant requested but six instructions, and in none of these requested instructions did he ask for one on intoxication. Prior to the time he submitted the instructions to the jury, the court called counsel for both sides into his chambers for the purpose of considering defendant's requested instructions. At this time the court went over and discussed with counsel not only defendant's re-

quested instructions but the instructions the court intended to give to the jury, including the instruction on intoxication. Considerable time was spent by the court and counsel before the instructions were prepared in final form. The defendant made no objections to the instructions prepared by the court at that time nor when they were read to the jury, nor did he request that the court amplify any instructions given. The court, apparently out of an abundance of caution, gave an instruction on intoxication. A pertinent portion thereof reads: "You are instructed that drunkenness may reduce a homicide from murder to manslaughter if it is so extreme as to prevent the existence of an intention to kill . . ."

The defendant's theory throughout the trial of his case was that he had been drugged. In carrying out that theory he requested the court to give an instruction covering this defense. A pertinent portion of defendant's requested instruction reads:

"Among other things, the defendant raises the issue and makes the contention that at the time of the alleged commission of the three crimes charged in the two informations consolidated in this case that he had been administered some drug or substance without his knowledge through the artful contrivance of another for the purpose of facilitating the robbery of defendant. Defendant contends that from the time he got into the automobile with the deceased, he was in a stupor produced by said drug or substance which for the most part blanked out his memory and discretion and left him so that he did not know what he was doing and left him without memory as to what he had done during the interim. . . ."

While the requested instruction is not set out in full, it is quoted for the purpose of showing that the defense was not based upon intoxication but upon the fact that defendant had been drugged. The court acceded to defendant's request and gave the instruction in substance.

While it is true that it is encumbent upon a trial court to instruct the jury upon all matters of law necessary for their information in giving their verdict (G. S. 1949, 62-1447; *State v. Smith,* 161 Kan. 230, 167 P. 2d 594), a party who desires an instruction upon some particular question not included in the general charge should request that the trial judge give such instruction. Where no such request is made and the case is fairly presented to the jury, he cannot afterwards complain that the instruction was not given. The omission to instruct the jury upon some particular phase of the case for which no request was made is not error. (*Skaer v. American Nat'l Bank,* 126 Kan. 538, 540, 268 Pac. 801, and cases therein cited: *State v. Rook,* 42 Kan. 419, 22 Pac. 626; *State v. Pfefferle,*

36 Kan. 90, 12 Pac. 406; *State v. Jones,* 137 Kan. 273, 20 P. 2d 514; *State v. Nelson,* 68 Kan. 566, 75 Pac. 505.) A defendant is hardly in a position to complain of the inadequacy of an instruction given where he has made no objection to it nor requested a more detailed instruction. (*Skaer v. American Nat'l Bank,* supra, *State v. Turner,* 114 Kan. 721, 220 Pac. 254.)

In the instant case, there was no request for an instruction on intoxication. The defendant made no objection to the instruction given by the court nor did he request that the court's instruction on intoxication be amplified in any particular. An examination of the instructions given by the court as a whole and when considered together fairly presented the case to the jury for their consideration on all the issues. The defendant does not complain of the general instructions given by the court to the jury; he complains that the intoxication instruction did not state that drunkenness may reduce homicide from murder in the first degree to murder in the second degree. Yet the instruction given by the court is far more favorable to defendant than the one he now contends the court should have given. The court by its instruction stated to the jury that drunkenness may reduce homicide from murder in either degree to manslaughter, thereby taking from the jury both degrees of murder if they found that drunkenness was so extreme as to deprive defendant of an intention to kill. Defendant's counsel was given an opportunity to inspect the instructions before they were given to the jury. If they were not what he desired them to be, he had an opportunity to prepare special instructions to correspond with his wishes and submit them to the court with the request that they be given to the jury. Failure to do these things renders unavailing any complaint that the instructions were not as full and complete as they ought to have been. (*Skaer v. American Nat'l Bank,* supra, p. 541; *Foley v. Crawford,* 125 Kan. 252, 262, 264 Pac. 59.) In view of what has been said, defendant is in no position now to complain of the instruction given.

Defendant next complains the court erred in failing to give an instruction on robbery in the first degree other than the statute. The court gave the following instruction:

"The General Statutes of Kansas for 1935, section 21-527, in so far as material here, provides that every person who shall be convicted of feloniously taking the property of another from his person and in his presence and against his will by violence to his person or by putting him in fear of some immediate injury to his person shall be adjudged guilty of robbery in the first degree."

Without reiterating points set forth in our earlier discussion, suffice it to again say that no objection on the part of the defendant was made to the instruction at any time, nor did he request any instruction pertaining to robbery. In reading the instructions as a whole, the court fairly stated all the necessary rules of law applicable to the charge, to which no objection was made by defendant. No request for an instruction was made; neither the specifications of error nor the defendant's briefs indicate what further instruction defendant believes should have been given, and no error can be predicated upon omission to give any particular instruction when no request was made therefor. (*State v. Jones,* supra; *State v. Nelson,* supra.)

Defendant next contends that the trial court erred in not discharging him at the close of the state's evidence and after dismissal of count one charging felonious assault on one McCarty on the state's motion. His theory is that dismissal of this count placed him in jeopardy on the other two counts being tried contemporaneously therewith. Defendant was charged in one information with the murder of Irene Gilbert and in the second information with felonious assault on one McCarty and robbery of McCarty. As heretofore stated, the two informations were consolidated for trial and one jury was empanelled and sworn to try the issues in both cases. State's evidence encompassed all three counts of the two informations, but because of the character of the offenses and the fact that they were committed close together in point of time, there was frequent overlapping of testimony which affected two and sometimes all three counts with which defendant was charged.

Defendant predicates his theory on *Claflin v. State,* 154 Kan. 452, 119 P. 2d 540; *State v. Momb,* 154 Kan. 435, 119 P. 2d 544; and G. S. 1949, 62-1449, which reads:

"When one is properly charged in one or more counts of a complaint, indictment, or information with an offense, or offenses, against any of the laws of the state, and upon the trial of the action evidence is admitted of other offenses which might have been included as other counts in the complaint, indictment, or information, or on which the state might have elected to rely in the action then being tried, a conviction or acquittal on the charge, or charges, as made in the complaint, indictment, or information, shall operate as a bar *to any subsequent prosecution* of the same person *in another action* for any act or acts for which the state could have asked for a conviction under the complaint, indictment or information *in the former trial.*" (Italics ours)

We have heretofore dealt with the foregoing statute, and the decisions relied on by defendant, and in *Struble v. Gnadt,* 164 Kan.

587, 191 P. 2d 179, thoroughly discussed the applicability of the statute and the cases relied upon, and no useful purpose would be gained by reiterating that discussion. Suffice it to say, the statute was designed to meet a situation where there had been a series of more or less related criminal acts involving the same defendant, to provide that he could be tried only once for the entire series, where evidence of all offenses had been used.

Defendant contends that the three offenses should have been joined in one information. However, in our review of the statute we find nothing that requires the state to do so. Filing of the two informations and consolidating them for trial at defendant's request had the force and effect of one information charging the same offenses in separate counts. Instructions were given applicable to each offense charged, to which no objection was made; separate verdicts were submitted to the jury, and separate verdicts were returned by the jury.

The mentioned statute says that any subsequent prosecution of the same person in another action is barred. The statute also speaks of a former trial. Clearly we are not dealing with a subsequent prosecution in another action or with a former trial. We are dealing with a continuation of the same action on two counts, one for murder and one for robbery, the felonious assault count having been dismissed at the close of the state's evidence. It is readily apparent that the authorities cited and the statute relied on by defendant are not applicable in the instant case. Certainly proof of assault with intent to kill or maim does not prove robbery. Evidence that the defendant severely beat McCarty about the face with a revolver did not prove the offense of robbery, and certainly proof of assault on or robbery of McCarty would not prove the murder of Irene Gilbert, nor would proof of the murder of Irene Gilbert be any evidence proving a felonious assault on or robbery of McCarty. In other words, the offenses of murder, felonious assault and robbery are separate and distinct offenses, and proof of one does not necessarily prove the other. It is a well-established rule of law in this and other jurisdictions that in criminal cases the ultimate test applied in determining the validity of a plea of former conviction or former acquittal is identity of offenses, and it is not necessarily decisive that the two offenses may have some material fact in common. Where a plea of former jeopardy is made by reason of a previous acquittal, the test in determining the identity of the two offenses is whether the evidence necessary to convict in

the second case was admissible under the former charge relating to the same crime, and was sufficient to have warranted a conviction upon the former charge. If such condition is shown to exist, the former acquittal is a bar to the second prosecution but otherwise it will not operate to prevent prosecution upon another charge even though based upon acts closely related in point of time. If the facts which will convict upon the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offense charged may have been committed under the same state of facts. (8 R. C. L. 143, 144.) A putting in jeopardy for one act is not a bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had. Consequently a plea of former jeopardy will not be sustained where it appears that in one transaction, two distinct crimes were committed. (8 R. C. L. 151; *State v. Schmidt,* 92 Kan. 457, 140 Pac. 843; *Warren v. State,* 79 Neb. 526, 113 N. W. 143, and in our well annotated opinion of *State v. Ragan,* 123 Kan. 399, 256 Pac. 169.) It is apparent, in view of what has been said in the instant case, that dismissal of the felonious assault count in no way constituted jeopardy either on the count of robbery of McCarty or in the charge of murder of Irene Gilbert.

In conclusion, from an examination of the record it is clear that the defendant was given a fair and impartial trial. No contention is made that the evidence was insufficient to sustain the conviction on both murder and robbery. The general instructions of the court covered all phases of the case and the separate counts thereof, to which no objections were made by defendant. We find no error in the court's failure to give the more specific instructions complained of when they were not requested by defendant, and the defendant's contention of jeopardy in the instant case is without merit. The judgment is affirmed.