No. 41,156

State of Kansas, *Appellee*, v. Oscar Bethea, *Appellant*.

(337 P. 2d 684)

Opinion filed April 11, 1959.

*Terence D. O'Keefe,* of Atchison, was on the briefs for appellant.

*Robert F. Duncan,* County Attorney, of Atchison, and *John Anderson, Jr.,* Attorney General, of Topeka, were on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: The appellant, Oscar Bethea, was charged, tried and convicted of the offense of malicious destruction of the personal property of another of a value of over $20 in violation of G. S. 1949, 21-1408. Upon evidence produced by the state that the defendant had twice previously been convicted of a felony, he was sentenced under the Kansas Habitual Criminal Act (G. S. 1949, 21-107a) to a term of fifteen years in the state penitentiary. He appeals from the judgment rendered, the sentence imposed, and the order overruling his motion for a new trial.

On the night of May 18, 1957, the appellant, while lawfully confined in the jail of Atchison county, Kansas, set fire to and burned a mattress and certain blankets in the cell he was occupying, resulting in damage to Atchison county of less than $20. Because of the havoc he created, he was placed by the sheriff in another cell in another section of the jail where approximately one hour later he tore the toilet stool and plumbing fixtures from the wall, resulting in damage of more than $20.

On May 23, 1957, a complaint was filed in the city court of Atchison charging the appellant in two counts. Count one charged

that on May 18, 1957, he maliciously and feloniously destroyed and injured the property of Atchison county, the value of the property and amount of damage being over $20 in violation of G. S. 1949, 21-1408. This count was predicated upon his tearing the toilet stool and plumbing fixtures from the wall of the second cell he occupied. Count two charged that on May 18, 1957, the appellant unlawfully and maliciously destroyed and injured the property of Atchison county, the value of the property and the amount of damage being under $20 in violation of G. S. 1949, 21-1407. This count was predicated upon his setting fire to and burning the mattress and blankets.

A warrant was duly issued upon the complaint by the judge of the city court of Atchison, and on May 24, 1957, the appellant was tried on the misdemeanor count; found guilty, and sentenced to 30 days in the county jail.

On June 4, 1957, the appellant was given a preliminary hearing on count one of the warrant and was bound over to the district court to stand trial at the next regular term. Subsequently, an information was filed charging the appellant with the felonious and malicious destruction of the property described in count one of the warrant. At the commencement of the trial the appellant was arraigned and entered a plea of not guilty. Thereafter his attorney orally moved the court for his discharge upon the ground that he was being twice placed in jeopardy in that only one continuing offense had been committed; that the state had chosen to treat this offense as a misdemeanor and that the appellant could not be tried upon the purported crime alleged in the information. The motion was overruled; the appellant was tried, and a jury returned a verdict finding him guilty of the offense charged in the information.

The appellant first argues the trial court erred in refusing to sustain his motion for discharge upon the grounds of former jeopardy. The point is not well taken. Under the statutes of Kansas the offense of malicious destruction of public or private property is divided into two offenses; the generic offense of each being the willful and malicious destruction or injury to property of another. These offenses are classified as being a felony or misdemeanor by the amount of damage to the property injured or destroyed. As previously indicated, the appellant was charged with committing two separate and distinct acts of malicious destruction of personal property belonging to Atchison county; the first was the unlawful and

malicious setting of the fire and burning the mattress and blankets resulting in damage of under $20, and the second occurred at a different time and in a different cell and involved different property resulting in damage of more than $20. Each count charged a separate and distinct offense for which the appellant could be separately tried. His being found guilty of the second or misdemeanor count in the city court did not constitute a bar to his being tried and convicted in the district court upon the first or felony count. Both counts could have been tried at the same time to the same jury in the district court and verdicts could have been returned upon each count. A putting in jeopardy for one act is not a bar to a prosecution for a separate and distinct act merely because they are closely connected in point of time. (*State v. Anderson*, 172 Kan. 402, 410, 241 P. 2d 742.)

The appellant relies upon the case of *State v. Colgate*, 31 Kan. 511, 3 Pac. 346, that his acts constituted but one continuing offense. The decision is not helpful to him. In that case it was held that where a grist mill and all its contents including the books of account of the owner of the mill were destroyed by one single fire and the defendant was prosecuted criminally for setting fire to and burning the mill, his conviction of burning the mill and contents was a good defense to a subsequent prosecution of the defendant for setting fire to and burning the books of account. That is not the case here. The appellant makes no contention that evidence of the subsequent offense, *i. e.*, the felonious and malicious destruction of the plumbing fixtures, was introduced at the trial in the city court of the misdemeanor count, which would preclude its admission under G. S. 1949, 62-1449 in the trial of the first or felony count in the district court. Although evidence was introduced at the trial in the district court of facts concerning the burning of the mattress and blankets, which was not objected to, that did not prejudice the appellant since evidence of similar offenses may be introduced by the state in its case in chief for the purpose of showing intent, inclination or motive, plan, scheme or system of operation, or to prove malice (*State v. Myrick*, 181 Kan. 1056, 317 P. 2d 485, and cases cited therein).

The appellant next contends that the district court erred in accepting the verdict of the jury since it was contrary to the law and to the evidence, and argues that the appellant was insane at the time of committing the offense and was therefore unaccountable for his acts. The record does not substantiate the contention. Appel-

lant's evidence in this contention indicates that he had been receiving medication for about a month; that he had complained of severe headaches; that the only way he could have ripped the stool and fixtures from the wall was by stomping upon them, and that it was necessary to get tear gas before he would accompany the deputy sheriff from the first cell. A former sheriff testified that when the appellant was ten years old he was looking for him in a field for two hours after being informed he was running "loose." The appellant testified in his own behalf that he had been taking medicine and that he could remember nothing of the occurrence for which he was charged until he awakened the next morning. There was no medical testimony introduced concerning appellant's sanity nor did counsel at any stage of the proceeding indicate that appellant was insane at the time of the commission of the offense, or that he was unable to understand the nature and purpose of the proceeding, or comprehend his position during the trial. Although appellant's behavior may be said to be not normal, the evidence was far from manifesting insanity.

The appellant lastly contends that G. S. 1957 Supp. 62-1304 grants him a right to appeal to the supreme court without cost to him, and argues that the statute requires the county to bear the necessary expense of printing his abstract and brief and to pay his attorney fees to prosecute the appeal. In support of his contention appellant cites *Griffin v. Illinois,* 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585, 55 A. L. R. 2d 1055. The case of *Eskridge v. Washington State Board,* 357 U. S. 214, 2 L. Ed. 2d 1269, 78 S. Ct. 1061, may be added although counsel for appellant fails to cite it. G. S. 1957 Supp. 62-1304 above referred to reads in part as follows:

". . . (*b*) Any person convicted of any felony shall be entitled to appeal such conviction to the supreme court *without cost to such defendant: Provided,* That the defendant shall present to the judge his affidavit that he intends in good faith to take an appeal in the case and that such transcript is necessary to enable him to prosecute the appeal, and that the defendant has not the means to pay for the same. The court shall upon determining that the defendant has acted in good faith, order the transcript made at the expense of the county, such expense to be payable from the county general fund. . . ." (Emphasis supplied.)

Although the appellant abstracts his affidavit to the district court that he intended in good faith to take an appeal and that a transcript of the testimony was necessary to enable him to prosecute the appeal and that he had no means with which to pay for the same, he fails to abstract the order of the district court determining

whether it allowed or denied a copy of the transcript at the expense of Atchison county. However, it is clear to us the district court furnished the appellant with a transcript pursuant to G. S. 1957 Supp. 62-1304 since the testimony of all witnesses upon which he relies is fully abstracted.

The appellant further argues that to require him to pay for printing his abstract and brief as required by rules No. 5 and 6 of this court and to require him to comply with rule No. 9 with respect to filing sufficient copies with the clerk of this court and to obtain service upon the county attorney and attorney general, results in invidious discrimination against indigent defendants, and that those rules and G. S. 1957 Supp. 62-1304 should be construed to require the payment from the general fund of the county of all costs necessary to prosecute his appeal, including attorney fees. The contention lacks merit. When this appeal was docketed this court waived the requirement of rule No. 2, which requires an appellant, except in actions brought by the state, to pay to the clerk $25 in advance of the docketing of the appeal, and permitted him to prosecute his appeal without the payment of that cost. Likewise, rules No. 5 and 6 were waived requiring him to prepare and file a printed abstract and brief, and permitted counsel to prepare and file typewritten abstract and brief. Thus, appellant was permitted to prosecute his appeal in this court without cost to him.

Under no circumstances can it be said that the rights of the appellant have been violated or that he has been discriminated against in any respect in perfecting and prosecuting his appeal in this court as referred to in the Griffin and Eskridge cases, *supra.*

We have fully reviewed the record and it not having been affirmatively made to appear there was error in the appellant's conviction, the judgment of the district court is affirmed.

It is so ordered.