No. 46,735

Ray Miller, *Appellant,* v. State of Kansas, *Appellee.*

(502 P. 2d 833)

Opinion filed
November 4, 1972.

E. *Dexter Galloway,* of Hutchinson, argued the cause and was on the brief for appellant.

*Porter K. Brown,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for appellee.

*Per Curiam:* This is an appeal from the judgment of the district court of Reno County summarily denying appellant's motions filed under K. S. A. 60-1507. The appellant's conviction of burglary in the second degree by a jury was sustained by this court in *State v. Miller,* 204 Kan. 46, 460 P. 2d 564. He was represented by court appointed counsel on his appeal.

Two issues are raised in this appeal. First, the appellant makes complaint in his notice of appeal that he was subject to double jeopardy, contending that some of the same evidence used in his trial on a charge of drunkenness in the Hutchinson city court was used in his jury trial in this case. The use of such evidence in the city court relating to public intoxication would be no bar to the subsequent prosecution for burglary in the second degree in this case. (*State v. McCarther,* 198 Kan. 48, 422 P. 2d 1012.) Furthermore, the issue of double jeopardy cannot be raised for the first time in a proceeding under K. S. A. 60-1507. (*Jackson v. State,* 204 Kan. 823, 465 P. 2d 927.)

His second complaint is based on a contention of a denial of his constitutional right to counsel on his direct appeal. This claim is based solely on his allegation that there was a conflict of interest of his court appointed counsel. He makes no complaint that his direct appeal was improperly presented, or of the quality of the representation of his counsel.

A mere allegation of a conflict of interest of counsel is not sufficient to show a denial of appellant's constitutional right. To constitute a denial of an accused's constitutional right it must clearly appear that the representation by his counsel was wholly ineffective

and inadequate. No such claim is made by appellant in this case. (*Toland v. State,* 200 Kan. 184, 434 P. 2d 550; *Baker v. State,* 204 Kan. 607, 464 P. 2d 212; *Widener v. State,* 210 Kan. 234, 499 P. 2d 1123.)

The appellant's motions presented no issues that required an evidentiary hearing and the appointment of counsel for him.

The judgment is affirmed.