No. 49,126

STATE OF KANSAS, *Appellee,* v. FORREST R. EDGINGTON, *Appellant.*

(573 P.2d 1059)

Opinion filed January 21, 1978.

*Mark L. Bennett, Jr.,* of Topeka, argued the cause and was on the brief for appellant.

*Dennis W. Moore,* district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Richard S. Wetzler,* assistant district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is a direct appeal by the defendant, Forrest R. Edgington, from a jury conviction of the crime of perjury. (K.S.A. 21-3805.)

The charges were based upon testimony given by defendant on January 23, 1974, in a divorce proceeding in the Johnson County District Court. Defendant and his wife were involved in divorce litigation and one of the issues concerned the source and amount of defendant's income. Defendant's testimony failed to include a sum in excess of $6,000.00 received in 1973 and January, 1974, from a group known as Physicians Associated. The events preceding defendant's perjury conviction are relevant to this appeal and are set out in some detail.

During 1973, defendant was a city councilman of Overland Park, Kansas, and on May 9, 1974, Margaret Jordan, Johnson County District Attorney, charged the defendant with a misdemeanor offense under K.S.A. 75-4302(d), which requires certain public officers and employees to file a report disclosing substantial changes in income. The state alleged that the defendant had failed to report a change in his income, specifically the income he received in 1973 from Physicians Associated. At the trial on June

18, 1974, some of the monthly checks which the defendant had received from Physicians Associated were introduced into evidence by the state. The court, at the completion of the evidence, took the case under advisement and on July 19, 1974, acquitted the defendant after finding a reasonable doubt as to defendant's intent.

During the period of the investigation and pendency of the misdemeanor charge, the district attorney became aware of defendant's testimony on January 23, 1974, in the divorce proceeding. A transcript of defendant's testimony in the divorce action was ordered and was filed with the clerk of the court on May 6, 1974, three days prior to the filing of the misdemeanor charge. On July 16, 1974, a second complaint was filed by the district attorney's office charging the defendant with perjury. The basis of the perjury charge was the failure of the defendant to divulge the payments from Physicians Associated in his testimony in the divorce trial on January 23, 1974. These payments included some of the same payments which were included in the evidence at the misdemeanor trial.

Defendant was bound over to Johnson County District Court for trial and on April 15, 1975, the jury found defendant guilty as charged.

At the perjury trial, the jury heard the transcript of the entire testimony of the defendant given in the January 23, 1974, divorce proceeding. This evidence was received without objection.

In the divorce action, defendant testified he had income from several sources during 1973, including the City of Overland Park, Board of County Commissioners, railroad retirement and certain other income including commissions; he operated, as a sole proprietor, a management consultant firm known as Dentco Management Company; Dentco had several clients from whom it received commissions; and he had included all such commissions in his testimony.

However, it was later determined that in addition to the clients and commission income which the defendant revealed, he had another client known as Physicians Associated, and had received from that client during 1973, and January, 1974, the sum of $6,287.71. At no point in the defendant's testimony during the divorce proceeding was the name Physicians Associated or the income therefrom mentioned. The state's case in the perjury

action was based upon these omissions. The checks which the defendant received from Physicians Associated were introduced in evidence by the state.

The jury returned a verdict of guilty of the crime of perjury. Defendant filed a motion for a new trial specifying several trial errors and on May 30, 1975, Judge Walton filed the court's decision overruling defendant's motion. The defendant now appeals.

Defendant raises four principal points in his brief and argument, the first being:

"The prosecution of the defendant herein for the crime of perjury as defined by K.S.A. 21-3805 is barred for the reason that the defendant was previously prosecuted for the offense of failing to file a disclosure of substantial interest as defined by K.S.A. 75-4302, et seq., which prosecution resulted in an acquittal, and in which evidence was introduced which was also admitted in defendant's trial for perjury, all in violation of K.S.A. 21-3108(2)(a)."

Defendant's argument on this point appears to be that as certain physical evidence, *i.e.,* the checks from Physicians Associated to defendant, was used in the misdemeanor trial for failing to file a disclosure of substantial interest, defendant cannot later be tried for perjury in the divorce trial if the same physical evidence, *i.e.,* checks from Physicians Associated, is to be used in the perjury trial. Defendant bases his argument of former jeopardy on K.S.A. 21-3108(2)(*a*), which provides in part:

"(2)  A prosecution is barred if the defendant was formerly prosecuted for a different crime  .  .  .  if such former prosecution:

(*a*)  Resulted in  .  .  .  an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint  .  .  .  filed in such former prosecution or upon which the state then might have elected to rely; or was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution.  .  .  ."

Defendant argues that because of the semicolon which divides paragraph (*a*) of the above quoted section, the portion of the statute which provides "unless each prosecution requires proof of a fact not required in the other prosecution" relates to crimes which involve the same conduct but cannot be construed as applying to instances where a defendant is acquitted of a previous crime and is subsequently prosecuted for a crime of which evidence has been admitted in the former prosecution.

While defendant's grammatical analysis of the statute may be technically correct, we fail to find where it is of any solace or assistance to defendant. The intent of the legislature in its adoption of K.S.A. 21-3108 and prior case law do not support defendant's interpretation of the statute.

In the Advisory Comment to K.S.A. 21-3108 it is noted that the Illinois Criminal Code and former K.S.A. 62-1449 formed the basis of the present statute concerning the effect of former prosecutions.

Kansas decisions under the present statute, K.S.A. 21-3108, as well as its predecessor, K.S.A. 62-1449, have held identity of offenses to be an indispensable ingredient of jeopardy. Where one statute describing an offense requires proof of a fact which another statute does not, then one offense is not a bar to the prosecution of the other on the ground of double jeopardy. *State v. Worth,* 217 Kan. 393, 537 P.2d 191 (1975); *State v. Pruitt,* 216 Kan. 103, 531 P.2d 860 (1975); *State v. Anderson,* 172 Kan. 402, 241 P.2d 742 (1952).

"In criminal cases the ultimate test applied in determining the validity of a plea of former conviction or former acquittal is identity of offenses, and it is not necessarily decisive that the two offenses may have some material fact in common." *State v. Ragan,* 123 Kan. 399, Syl. 2, 256 Pac. 169.

The Illinois decisions construing the Illinois statute, from which our K.S.A. 21-3108 was drawn, also support the requirement of identity of offenses before a former prosecution will operate as a bar to a subsequent prosecution:

"Before defense of former jeopardy can be sustained the offense must be the same, both in law and in fact; if offenses are distinct in law, defense of former jeopardy is not available regardless of how closely they are connected in point of fact." *People v. Thompson,* 87 Ill. App. 2d 426, 429-30, 230 N.E.2d 889 (1967); *People v. Garman,* 411 Ill. 279, 103 N.E.2d 636 (1952); *People v. Koblitz,* 401 Ill. 224, 81 N.E.2d 881 (1948), *cert. den.* 336 U.S. 927, 93 L.Ed. 1088, 69 S.Ct. 649 (1949).

Likewise, the United States Supreme Court has recently held that where the same act or transaction constituted a violation of two statutory provisions, the test for determining whether there were two offenses or only one, for purposes of the double jeopardy clause of the Fifth Amendment, was whether each provision required proof of a fact which the other did not. *Brown v. Ohio,* 432 U.S. 161, 53 L.Ed.2d 187, 97 S.Ct. 2221 (1977).

In the case under consideration, it is readily determinable that

the crimes charged were separate and distinct offenses. The facts necessary to convict defendant of perjury would not necessarily have convicted him of failure to file a statement of a change of substantial interest, and vice versa. The offenses with which defendant was charged are separate and distinct.

If there is any merit to defendant's contention, it must be based upon an interpretation of the first clause of K.S.A. 21-3108(2)(a). The defendant argues that evidence used in the perjury trial, *i.e.*, checks, had previously been used in the misdemeanor trial and when this same evidence became the basis of the perjury trial, the perjury trial was barred by the statute. The state, on the other hand, maintains that at no point in the misdemeanor trial was evidence admitted of any other crime. Specifically, in the first trial, there was no evidence of the crime of perjury. The state did introduce facts, including physical evidence, which were common to each prosecution and which in the context of each prosecution became evidence supporting that particular offense. The checks which were introduced in the perjury trial were not evidence of perjury until the defendant's testimony in the divorce proceeding was admitted. Similarly, in the misdemeanor trial, while the checks became evidence of a change of substantial interest, the checks were not evidence of another crime, *i.e.*, perjury.

The defendant's contention must fail because there simply was no evidence of the crime of perjury in the misdemeanor trial. The fact that there was some identical physical evidence used in the later trial is no bar to the subsequent prosecution. See *Miller v. State,* 210 Kan. 542, 502 P.2d 833 (1972); *State v. Anderson,* 172 Kan. 402, 409, 241 P.2d 742 (1952); *State v. Bethea,* 184 Kan. 432, 434, 337 P.2d 684 (1959). Acquittal on the misdemeanor offense does not result in former jeopardy as to the perjury offense.

Defendant's second point on appeal is:

"The trial court committed prejudicial error in its finding following its in camera inspection of the District Attorney's file that there was no exculpatory information contained therein and in refusing to order said file and its contents produced for the use and benefit of the defendant prior to trial."

Prior to defendant's trial for perjury, the defendant filed a motion requesting that the district attorney's files be made available for inspection by defendant. This motion was opposed by the district attorney's office. The court held an *in camera* inspection of the

district attorney's file and found there was nothing in said file which was in fact exculpatory.

During the preparation of the perjury case the chief investigator for the Johnson County District Attorney's office interviewed John H. Johntz, Jr. Mr. Johntz was the attorney who had represented Mrs. Edgington in the divorce proceeding and was present during that trial when the questions were asked which resulted in the alleged perjurious answers by the defendant. In the report of the investigator appears the following notation:

"Mr. Johntz states that he believes a possible defense to the perjury charge would be that Mr. Edgington did not understand the questions insofar as the income being to Dentco or to him personally, although the questions contained in the transcript of January 23, are explicit."

As noted by the defendant in his brief, the backbone of the law which requires prosecutors to divulge exculpatory evidence is found in *Brady v. Maryland,* 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963). In *Brady* the Supreme Court stated:

"We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87.

This court has stated:

"Prosecutors are under a positive duty, independent of court order, to disclose exculpatory evidence to a defendant. To justify a reversal of a conviction for failure to disclose evidence, the evidence withheld by the prosecution must be clearly and unquestionably exculpatory and the withholding of the evidence must be clearly prejudicial to·the defendant." *State v. Kelley,* 216 Kan. 31, 33, 531 P.2d 60 (1975).

The evidence upon which the defendant relies is not "clearly and unquestionably exculpatory," and there is no showing that withholding the alleged exculpatory evidence was prejudicial to the defendant. Further, as the state points out, the statement in question was not withheld but was excluded by the trial court in its *in camera* inspection. There has been no showing that the trial court abused its discretion or committed error in finding no exculpatory evidence in the district attorney's file.

Defendant next contends:

"The trial court erred in submitting to the jury the Court's Instruction No. 8 in that it was an improper, incorrect and incomplete statement of the law."

The trial court instructed the jury that certain portions of the

transcript of defendant's testimony of January 23, 1974, were material in the perjury action.

The trial court in its written opinion adequately covered this point. Judge Walton, in his opinion, states:

"Counsel for Defendant contends that it is an issue of fact whether the testimony as set out in Instruction No. 8 was material and that the jury should have been instructed accordingly.

"In Instruction No. 8 the Court instructed the jury that the answers to questions that appear from the pages of the transcript of the proceedings before Judge Riggs were statements of material fact. In doing so the Court assumed the responsibility of making such determinations as a matter of law and did not leave the decision to the jury. At the bottom of the instruction, the Court set forth its authority on *State v. Frames,* 213 Kan. 113, 119, 515 P.2d 751 (1973). In that decision the Supreme Court held, and I quote:

'The defendant's fifth and last point is that it was error for the trial court to submit the question of materiality to the jury as a question of fact and that the trial court should have instructed the jury as a matter of law which statements made by the defendant were material. This court held in *State v. Bingham,* 124 Kan. 61, 257 Pac. 951, that the question of whether false testimony is material in a perjury case is to be determined as a question of law by the trial court and not as a question of fact by the jury. In our judgment it was error for the trial court here to submit the question of materiality to the jury as a question of fact. In order to constitute perjury under the statute it is essential that the false testimony be on a material matter. The false statements relied upon, however, need not bear directly on the ultimate issue to be determined; it is sufficient that they relate to collateral matters upon which evidence would have been admissible. (*State v. Elder,* 199 Kan. 607, 433 P.2d 462.) Here a review of the statements which the state charged were perjured discloses that they were as a matter of law material. Had the court instructed the jury it would have been obligated to rule that the statements were material. But was the trial court's failure to instruct the jury in that regard prejudicial error? We hold that it was not. In *State v. Lewis,* 10 Kan. 157, the defendant had been convicted of perjury and contended on his appeal that the trial court committed error in not instructing the jury as a matter of law on the materiality of the alleged false statements. Justice Brewer recognized that it was error for the trial court not to instruct the jury on that issue but held that since the jury had determined that the statements were in fact material then defendant's rights had not been prejudiced and his conviction of perjury should be affirmed. As in *State v. Lewis,* supra, the defendant's statements here were material as a matter of law and the court should have instructed the jury that the statements were material. The jury by its verdict also determined that the statements were material; consequently the defendant has not been prejudiced by the court's failure to instruct. The judgment of the trial court is affirmed.'

"Clearly the contention of Defendant on this issue does not have merit."

We agree with the trial court's opinion.

As his final point on appeal defendant alleges:

"The trial court erred in admitting into evidence oral testimony concerning the

contents of a blackboard used as an exhibit in District Court Case No. 54,824 in violation of the best evidence rule, thus depriving the defendant of the right to have presented to the jury the entire contents of said exhibit, some of which may have been found favorable to the defendant, and further denying to the defendant the right to an effective cross-examination of the witness Lewis, who only testified to portions of the blackboard's contents."

Defendant argues that it was error for the trial court to admit as evidence the defendant's testimony of January 23, 1974, wherein reference was made to figures on a blackboard. It is noted that the entire transcript of defendant's testimony in the divorce proceeding was introduced in evidence and read to the jury without objection by the defendant. Additionally, this issue was not raised by the defendant in his motion for a new trial. As the evidence was neither objected to at trial nor the question raised in the motion for a new trial, it will not be considered for the first time on appeal. *State v. Osbey,* 213 Kan. 564, 568, 517 P.2d 141 (1973).

The judgment is affirmed.