No. 22,764.

THE STATE OF KANSAS, *Appellee*, v. H. V. FOSTER et al. (E. K. CLARK, *Appellant*).

SYLLABUS BY THE COURT.

1. STATUTORY CRIMES—*Penal Statutes Are Strictly Construed.* A court cannot extend a criminal statute beyond the natural meaning of the words employed by the legislature, nor interpolate into it language necessary to hold persons liable for a public offense.

2. SAME—*Failure to Plug Abandoned Oil Well—Operator Not Criminally Responsible.* Under section 2 of chapter 151 of the Laws of 1891, the duty of plugging an abandoned oil well before drawing the casing therefrom is devolved alone upon the owner, and the operator cannot be held criminally responsible for a failure to observe the requirements prescribed in that section.

Appeal from Greenwood district court; Aʟʟɪsᴏɴ T. Aʏʀᴇs, judge. Opinion filed May 8, 1920. Reversed.

· S. F. *Wicker*, and *Gordon A. Badger*, both of Eureka, for the appellant.

*Richard J. Hopkins*, attorney-general, and *Joseph A. Fuller*, county attorney, for the appellee.

The opinion of the court was delivered by

Jᴏʜɴsᴛᴏɴ, C. J.:   E. K. Clark was convicted of the offense of drawing the casing from an abandoned oil well without plugging it as the statute prescribes.

In his appeal he contends that he is not within the application of the statute under which he was prosecuted. It appears that H. V. Foster was the owner of the well, and that defendant was the operator who had charge of the drilling and other operations in exploring for oil. Both Foster and Clark were charged with the commission of the offense, but Foster was not arrested, and the prosecution proceeded against Clark alone. The well was abandoned, the casing was drawn, and it was not plugged by the defendant or anyone else. On the undisputed facts, the question arises whether the defendant, who was an operator and not an owner, is within the condemnation of the statute, which is composed of three sections. (Laws 1891, ch. 151; Gen. Stat. 1915, §§ 4983-4985.) The first section requires that the owner or operator shall, before drilling into oil- or gas-bearing rock, case the well in a certain way so as to exclude water from it. The second section prescribes the duties of an owner who is about to abandon the well, but it imposes no duty in that regard upon an operator. It provides:

"The owner of any well, when about to abandon or cease operating the same, for the purpose of excluding all fresh or salt water from penetrating the oil or gas-bearing rock or rocks, and before drawing the casing, shall fill the well with sand or rock sediment to the depth of two feet below the top of each oil or gas-bearing rock, and drive therein a round seasoned wooden plug at least two feet in length, and in diameter equal to the full diameter of the well below the casing, and immediately upon drawing the casing shall fill in on top of such plug with sand or rock sediment to the depth of five feet, and again drive into the well a round wooden plug three feet in length, the lower end tapering to a point, and to be of the same diameter at the distance of eighteen inches from the

smaller end as the diameter of the well below the point at which it is driven; and after such plug has been driven, the well shall be filled with sand or rock sediment to the depth of twenty feet." (Gen. Stat. 1915, § 4984.)

The third section prescribes penalties for violations of the preceding sections. The validity of the conviction depends upon the interpretation of the act. No penalty, as will be seen, is prescribed for the failure of an operator to plug an abandoned well, and none can be imposed on him except by legislative provision. For failing to case out the water before drilling into the oil- or gas-bearing rock he, as well as the owner, may be punished, but the legislature chose to hold the owner alone responsible for the failure to plug an abandoned well. It is urged that there is no more reason for requiring an operator to case a well that is being drilled than there is that he should plug a well that is being abandoned, and that the term operator must have been inadvertently omitted from the section. If there has been any omission it cannot be supplied by the court. Nothing in the other provisions of the act indicate a purpose to include the operator in the second section of the act and, being a penal statute, it cannot be extended beyond the natural meaning of the language employed. (*The State v. Chapman,* 33 Kan. 134, 5 Pac. 768; *The State v. Young,* 55 Kan. 349, 40 Pac. 659.)

The duties prescribed in the first section differ widely from those prescribed in the second, and the legislature may have had good reasons for making the owner alone criminally responsible for the failure to plug an abandoned well.

The act does not warrant an interpretation that such a duty or liability is imposed on the operator, and hence the judgment is reversed with directions to enter judgment discharging the defendant.