(664 P.2d 883)
No. 54,912

STATE OF KANSAS, *Appellee,* v. DARLENE E. SLEETH, d/b/a TIGER ISLAND, INC., *Appellant.*

Opinion filed June 16, 1983.

*Kenneth M. Carpenter,* of Carpenter & Carpenter, Chtd., of Topeka, for appellant.

*Steven L. Opat,* county attorney; and *Robert T. Stephan,* attorney general, for appellee.

Before MEYER, P.J., PARKS and SWINEHART, JJ.

MEYER, J.: On April 2, 1982, appellant Darlene E. Sleeth (defendant) was charged with sale of an alcoholic beverage to a minor, in violation of K.S.A. 41-2615. Defendant appeared before the court on July 22, 1982. For the purposes of the trial to the court, the facts were stipulated; that stipulation follows:

"1. That on January 15, 1982, at approximately 7:30 p.m. three customers entered the Tiger Island private club in Junction City, Kansas. All three customers presented I.D. and signed in on a guest book provided by management indicating that each was over 21 years of age. At that time no other customers were present in the club.

"2. On that date officers of the Junction City Police Department made a routine age check, in requesting I.D. from one of the three individuals in the club; that individual refused to produce same. The Military Police were called, a military I.D. was then presented. That I.D. indicated that that person was William H. Jensen and under age 21.

"3. On that evening, an employee, Hye Suk Iandola, prepared three alcoholic beverages and placed them on the corner of the bar. These drinks were paid for and each of the three persons had a drink when the officers of the Junction City Police Department entered. It is unknown whether a drink was purchased by this individual but one was apparently consumed by him.

"4. This person, who presented an I.D. indicating he was William Jensen, was arrested, booked in jail and subsequently plead guilty in Junction City Municipal Court to possession of an alcoholic beverage by a minor. The Court found him guilty and he was fined.

"5. The Tiger Island employee, Hye Suk Iandola, was charged in Junction City Municipal Court with sale of an alcoholic beverage to a minor. She was tried and acquitted.

"6. On the evening in question, Darlene Sleeth, owner and operator of the Tiger Island private club, was neither present nor consented to the sale or consumption of alcohol to a minor as alleged.

"7. That the drink which was in front of the person identified as William Jensen, was taken into custody by the arresting officers and tested at the K.B.I. laboratory indicating there was alcoholic liquor within the contents of the drink confiscated.

"8. That the person who entered the club, later identified as William Jensen, presented a driver's license, without a picture and with a different name than that on the military I.D. later produced, which indicated the person was over 21 years of age. This I.D. was presented to a Tiger Island employee prior to entry in the club."

On August 4, 1982, the trial issued its memorandum decision and journal entry, finding defendant guilty as charged. On December 29, 1982, the court sentenced defendant to 15 days in jail and fined her $100; costs of $84 were also assessed to her. She now brings this appeal.

The single issue presented in this appeal is whether defendant's conviction of violating K.S.A. 41-2615 can be sustained under the facts as stipulated. 41-2615 provides:

"No *club* licensed hereunder shall knowingly or unknowingly permit the consumption of alcoholic liquor or cereal malt beverage on its premises by a minor and no minor shall consume or attempt to consume any alcoholic liquor or cereal malt beverage while in or upon the premises of a club licensed hereunder or as prohibited by K.S.A. 41-715 and any amendments thereto. The *owner of any club*, any officer or any employee thereof, who shall permit the consumption of alcoholic liquor or cereal malt beverage on the premises of the club by a minor shall be deemed guilty of a misdemeanor and upon conviction shall be subject to the same penalty as prescribed by K.S.A. 41-715 for violation of that section." (Emphasis added.)

At issue in this appeal is whether the penal provisions of the above statute may be invoked against a club owner who was not present at, had no knowledge of, and did not consent to or

authorize the sale of alcoholic beverages to a minor by an employee of the club. This question is one requiring statutory construction and, thus, is a question of law.

"The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statutes. Legislative intent is to be determined by a general consideration of the entire act. Effect should be given, if possible, to the entire statute and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. Where a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. Where various provisions of an act conflict, this court should attempt to reconcile such provisions in order to make them harmonious and sensible." *Arduser v. Daniel International Corp.,* 7 Kan. App. 2d 225, Syl. ¶ 1, 640 P.2d 329, *rev. denied* 231 Kan. 799 (1982).

When a penal statute is involved, the rule of statutory construction is, for the most part, identical to that stated above; however, the construction preferred is a strict one, in favor of the accused.

"It is a fundamental rule that penal statutes must be strictly construed in favor of the persons sought to be subjected to their operations. (*State v. Waite,* 156 Kan. 143, 131 P.2d 708; *State v. Six Slot Machines,* 166 Kan. 361, 201 P.2d 1039; *State v. Hill,* 189 Kan. 403, 369 P.2d 365; *State v. Wade,* 190 Kan. 624, 376 P.2d 915.) The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. (*State v. Foster,* 106 Kan. 852, 189 Pac. 953.) Such a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. (*State v. Terry,* 141 Kan. 922, 925, 44 P.2d 258.)" *State ex rel., v. American Savings Stamp Co.,* 194 Kan. 297, 300, 398 P.2d 1011 (1965).

It is against the foregoing backdrop that K.S.A. 41-2615 must be construed by this court.

It is defendant's contention that K.S.A. 41-2615 is not penal, but is regulatory in nature. It is further urged that if 41-2615 is to be applied in a penal manner, the imputation of criminal liability to a club owner for the act of his employee must be limited by K.S.A. 41-904. We accept defendant's contentions, in principle, for the following reasons.

K.S.A. 41-2615 is neither purely penal in nature, nor purely regulatory, but is a hybrid of the two. The first full sentence of the statute prohibits the commission of certain acts by minors and of the commission of other acts by licensed clubs. Pertinent to this appeal is the provision that no *"club"* shall *"knowingly*

*permit"* a minor to consume any alcoholic beverage on its premises. This proscription is directed towards "clubs," not towards the owner, manager or employees thereof, Knowledge of the infraction is not a prerequisite to holding a "club" liable for a transgression of this provision (*i.e.,* good-faith mistake is not a defense). A "club" cannot be punished criminally, but *is subject* only to revocation of its license to operate, for a violation of the foregoing provision. See K.S.A. 41-2611(*b*). This first part of the statute is thus regulatory, not penal, in nature. It can be enforced only against "clubs," not against persons.

The second full sentence of the statute is directed towards persons, in particular any owner, officer or employee of a "club." This sentence makes it an unclassified misdemeanor for any such person to *"permit"* the consumption of any alcoholic beverage by a minor while on the premises of a club. For a penalty, it refers to K.S.A. 41-715, which is a penal statute declaring certain act unlawful and prescribing as punishment a fine of not more than $200 or imprisonment for not more than 30 days, or both. Being operative against persons, and providing for criminal sanctions, this second sentence is thus clearly penal, not regulatory, in nature.

Conspicuously absent from this second sentence is the qualifying phrase "knowingly or unknowingly"; the word "permit" stands alone. "Permit" has been defined as follows: "to consent to expressly or formally . . . allow, tolerate . . . authorize . . . ." Webster's Third New International Dictionary 1683 (1966). The omission of the phrase "knowingly or unknowingly" from the second sentence of the statute is a clear indication of a legislative intent to infuse that penal provision with a scienter requirement.

But there is yet another reason why a club owner cannot be held criminally liable for the acts of his employees done without his knowledge or consent. K.S.A. 41-904 imposes certain limitations upon the imputation of vicarious criminal liability. That statute provides:

"Every act or omission of whatsoever nature constituting a violation of any of the provisions of this act, by any officer, director, manager or other agent or employee of any licensee, if such act is committed or omission is made with the authorization, knowledge or approval of the licensee, shall be deemed and held to be the act of such employer or licensee, and such employer or licensee shall be punishable in the same manner as if such act or omission had been done or omitted by him personally."

By its plain terms, 41-904 applies to all situations where any provision of the act (cited as the "Kansas liquor control act"), has been violated. K.S.A. 41-904 just as plainly requires a showing of "authorization, knowledge or approval" on the part of the club owner in order for him to be criminally liable for the acts or omissions of his employees. Being applicable to all criminal prosecutions, 41-904 should have been applied in defendant's case.

The foregoing line of reasoning and interpretations of 41-2615 and 41-904 are supported, at least inferentially, by the holding of the Kansas Supreme Court in the case of *Chambers v. Herrick,* 172 Kan. 510, 241 P.2d 748 (1952). In that case, a licensee had been charged with a violation of the Kansas liquor control act, and the Director of Alcoholic Beverage Control (ABC) sought revocation of the license on that ground; no criminal sanctions were sought. Thus, the proceeding was regulatory in nature, not penal. At that time, the ABC had a regulation making licensees strictly liable, in regulatory proceedings, for all acts or omissions of their employees. This regulation, like the first sentence of 41-2615, had no scienter requirement.

The licensee appealed the revocation ordered by the director, partly on the ground that G.S.1949, 41-904 (same as present K.S.A. 41-904) required a showing of "authorization, knowledge or approval" on the part of the licensee. The licensee contended that 41-904 applied in all proceedings under the act, both regulatory and criminal.

The Supreme Court rejected this argument. The court held:

"And neither do we see any application of section 41-904, *supra,* to the question before us. That section is a general penalty provision of the Act relating to criminal prosecutions. Conceding that under that provision a licensee cannot be fined or imprisoned for a violation committed by one of his agents or employees unless the act or omission constituting such violation was done with his authorization, knowledge or approval, still it does not follow that for the purpose of *suspension or cancellation of licenses* a licensee should not be held responsible at all times for the acts of his employee in the conduct and operation of the business. This was not a criminal prosecution—it was one to revoke a license." 172 Kan. at 516.

The case at bar presents a situation which is the reverse of that posed in *Chambers.* In this case, defendant was charged with a criminal violation of the act. The proceeding herein was not

merely regulatory; at stake was defendant's personal liberty, not merely her privilege of being a licensee. She asserts error in the trial court's failure to apply K.S.A. 41-904 to her case. This assertion has merit. Based on the holding in *Chambers,* and on the language of 41-2615 itself, her conviction must be reversed.

In summary, defendant herein was convicted of a crime based on the acts of another person. Such vicarious criminal liability is expressly limited by K.S.A. 41-904 to those acts done with the "authorization, knowledge or approval" of the principal. That statute was not applied by the trial court to defendant's case. In the statement of facts, stipulated to by both defendant and the State, it is stated that defendant "was neither present [at] nor consented to" the act of her employee. This is an absolute defense under 41-904; it is also a defense under the plain language of 41-2615. Defendant should have been acquitted of the criminal charge. Accordingly, her conviction and sentence must be reversed, and the case remanded to the trial court with instructions to enter a judgment of acquittal.

Reversed and remanded with instructions.