No. 60,273

DORIS MILLER, *Appellant*, v. BOARD OF EDUCATION, UNIFIED SCHOOL DISTRICT NO. 470, COWLEY COUNTY, KANSAS, *Appellee*.

(752 P.2d 113)

Opinion filed March 25, 1988.

*David M. Schauner*, of Topeka, argued the cause and *Sally H. Rogers*, of Topeka, was with him on the brief for appellant.

*Donald Hickman*, of Hickman & Mills, of Arkansas City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Doris Miller appeals from a judgment of the Cowley District Court which upheld the decision of the defendant Board of Education, Unified School District No. 470 (hereafter the Board or U.S.D. No. 470) not to renew her teaching contract for the 1986-87 school year. The Court of Appeals affirmed the judgment of the district court. *Miller v. U.S.D. No. 470*, 12 Kan. App. 2d 368, 744 P.2d 865 (1987). We granted the appellant's petition for review.

The facts, as taken from the petition, are not in dispute. Mrs. Miller, an Arkansas City resident, was a duly certified public schoolteacher with several years' experience as a teacher in the

Shawnee Mission School District. She was first employed by U.S.D. No. 470 for the school year 1984-85, teaching mathematics and computer science classes. The Board renewed her contract for the 1985-86 school year, during which she taught only mathematics classes. During the second year of her employment, Mrs. Miller, a nontenured teacher, was given timely notice that her teaching contract would not be renewed for the ensuing year. No reason for nonrenewal of the contract was given to Mrs. Miller by the Board or the school principal.

Pursuant to the Kansas Professional Negotiations Act, K.S.A. 72-5413 *et seq.*, the Board and the Arkansas City Teachers' Association (A.C.T.A.) had negotiated a master agreement which was in effect at all times relevant to the issues in this case. The master agreement provided in Article XI for a procedure to evaluate and assist all teachers in the U.S.D. No. 470 school system. The agreement, with some elaboration and more detail, basically follows the Kansas Evaluation of Certificated Personnel Act, K.S.A. 72-9001 *et seq.* Article XI stated in part:

"Any evaluation area in which the performance of the evaluatee was considered by the evaluator to be *unsatisfactory* will be noted on a Form 3. Such notice will place the evaluatee on a Plan of Assistance. Any information gathered during informal visitations that has a bearing on an unsatisfactory judgment must be documented and presented to the evaluatee at the next observation conference or sooner." (Emphasis added.)

Appellant received five evaluations during her two-year employment with the Board and was never found to be "unsatisfactory" in any of the numerous areas of evaluation. Overall, as the Court of Appeals noted, the evaluations included nothing to indicate that her work was unsatisfactory or that her job was in jeopardy. The record provides no clue to the reasons the Board may have had for nonrenewing Mrs. Miller's contract.

On May 7, 1986, Mrs. Miller filed suit alleging a breach of the Board's "contractual duty to provide notice to plaintiff of any alleged unsatisfactory performance on her part and to place her on a plan of assistance." She also alleged in separate counts that the Board's action was arbitrary and capricious, and that it violated K.S.A. 72-9004(f), which prohibits nonrenewal on the basis of incompetence without an evaluation of the teacher in compliance with the Board's policy filed with the State Board of

Education pursuant to the Evaluation of Certificated Personnel Act, K.S.A. 72-9001 *et seq.*

The Board filed an answer which alleged, *inter alia,* that the petition failed to state a claim upon which relief could be granted, and a few days later filed a motion for summary judgment. Appellant filed a motion in opposition to the Board's motion. Both parties filed briefs supporting their respective positions along with proposed conclusions of law requested by the trial court. Although the Board's motion was denominated as a motion for summary judgment, the trial court considered it as a motion under K.S.A. 60-212(b)(6) or (c). Under the facts and circumstances of this case, the result is the same regardless of whether the motion is treated as one under K.S.A. 60-212 or as a motion for summary judgment. The trial court in an extensive memorandum decision sustained the Board's motion for summary judgment.

While recognizing it was questionable whether Mrs. Miller even came under the asserted contractual provisions of Article XI, the trial court chose to base its decision on a determination that a school board is precluded as a matter of law from entering into any agreement which would restrict its right to nonrenew a nontenured teacher. Mrs. Miller appealed the decision to the Court of Appeals, which affirmed the trial court.

The sole issue on appeal, as stated by the Court of Appeals, was

"[w]hether a school board may, by a collectively negotiated contract, restrict its right to terminate a nontenured teacher." 12 Kan. App. 2d 368.

The Court of Appeals in its opinion stated:

"Although the trial judge specifically declined to decide the case on whether an 'Unsatisfactory' rating is necessary to trigger the negotiated contract provision in question, we believe we would be justified in affirming the trial court on that basis." 12 Kan. App. 2d at 372.

However, the Court of Appeals then went on to determine the broader issue. While we agree with the result reached by both the trial court and the Court of Appeals, we are of the opinion it was reached for the wrong reason. It has long been the law in this state that:

"The judgment of a trial court, if correct, is to be upheld, even though the court

may have relied upon a wrong ground or assigned an erroneous reason for its decision." *Sutter Bros. Constr. Co. v. City of Leavenworth,* 238 Kan. 85, 93, 708 P.2d 190 (1985).

The threshold issue which the trial court and the Court of Appeals should have addressed was whether Mrs. Miller even came within the provisions of Article XI, which she relies upon for her asserted cause of action. We find she did not. It is clear that Mrs. Miller was regularly evaluated as required by K.S.A. 72-9001 *et seq.*, the Board's written "policy of personnel evaluation procedure" filed with the State Board of Education, and the master agreement entered into between the Board and the A.C.T.A. At no time did she receive any evaluation rating of "unsatisfactory" which would have required school officials to place her on a plan of assistance.

It appears to be the position of the appellant that under the master agreement a nontenured teacher could not be nonrenewed unless she was rated unsatisfactory and placed on a plan of assistance. Nowhere in the master agreement is there any indication that it was the intent of the parties to limit the rights of the Board to nonrenew a nontenured teacher under any and all circumstances. Article XI merely sets forth a plan of evaluation and assistance for teachers who have been evaluated as unsatisfactory. Here, Mrs. Miller was not rated unsatisfactory in any of the areas subject to evaluation, and Article XI has no bearing whatsoever upon the Board's decision to nonrenew her contract. The language of the contract is clear and unambiguous and must be applied in accordance with its language. Having failed to demonstrate that she even comes under the purview of Article XI, we agree that Mrs. Miller's detailed petition fails to state a cause of action. The Court of Appeals recognized that the factual situation asserted by Mrs. Miller precludes her reliance upon Article XI in this action. She simply does not come within the contractual provisions of the master agreement upon which she relies. Assuming, arguendo, that Mrs. Miller is correct in her contention that a school board has the power to limit its authority to nonrenew a nontenured teacher, what relief could be granted to the appellant in this case? Absolutely none, because the contract provision upon which she relies does not apply to the facts of her case.

Inasmuch as appellant failed to meet the threshold requirement of showing Article XI applies in her case, the Court of Appeals opinion as it relates to the broad issue of whether a school board may restrict its authority to nonrenew a nontenured teacher is dicta and should not be considered as precedent on that issue. The determination of that issue must wait for a later day when it is clearly before the court.

In her petition for review, Mrs. Miller attempts to assert new issues which were not raised in the district court or on appeal to the Court of Appeals. Since the new issues asserted were never presented to the trial court, they will not be considered for the first time on appeal. *State v. Vakas*, 242 Kan. 103, Syl. ¶ 4, 744 P.2d 812 (1987).

The judgment of the district court and the judgment of the Court of Appeals are affirmed.