No. 62,104

In the Matter of D.W.A., *Respondent.*

(765 P.2d 704)

Opinion filed December 9, 1988.

*Robert T. Stephan*, attorney general, *Dennis W. Moore*, district attorney, and *John C. Fritz*, assistant district attorney, were on the brief for the appellant.

*Bruce E. Moore*, of Cooke, Johnston, Ballweg, Christlieb, Tuley & Moore, of Leawood, was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, C.J.: D.W.A., a seventeen-year-old minor, was charged in the District Court of Johnson County under the Kansas Juvenile Offenders Code, K.S.A. 38-1601 *et seq.*, with possession or transportation of an incendiary or explosive device in violation of K.S.A. 21-3732. The trial court sustained a defense motion to dismiss and the State appeals.

K.S.A. 21-3732 reads as follows:

"Possession or transportation of incendiary or explosive device is the knowing possession or transportation of any incendiary or explosive material, liquid, solid or mixture, equipped with a fuse, wick, or any other detonating device, commonly known as a 'molotov cocktail.' "

The complaint filed against the respondent alleges in substance that on or about January 2, 1988, and within Johnson County, Kansas, D.W.A. did

"unlawfully knowingly and willfully possess, transport an incendiary or explosive material or explosive material equipped with a fuse, wick or other detonating device, in violation of K.S.A. 21-3732."

The defense moved to dismiss on the ground that the complaint failed to include a necessary element of the offense attempted to be charged and more specifically that the complaint failed to include the phrase "commonly known as a molotov cocktail." The trial court, after argument, found that the complaint was defective in that it charged the possession or trans-

portation only of incendiary or explosive *material.* The court held that the statute applied only to an incendiary or explosive *device*, and that without the inclusion of the word "device," the complaint was defective and did not charge an offense under K.S.A. 21-3732. It dismissed the complaint.

At the argument on the motion to dismiss, the assistant district attorney described the item which the State contended the minor possessed or transported. He said:

"Judge, I'd submit that the statute wasn't designed to deal with just 'molotov cocktails.'

"And I'll just state it right now, Judge. What we're dealing with is a torpedo. And it's a solid-type thing. It's placed on the railroad track. And I guess when a train runs over it, the impact of that causes an explosion and somehow signals the engineer of the train.

"So we're not dealing with a 'molotov cocktail.' I'll put that out right now. And I don't think the statute is designed to just deal with 'molotov cocktails.' It deals with dangerous explosive things of which this is the type. So I ask you to overrule the Motion to Dismiss."

It is a familiar and well-established rule that criminal statutes are to be strictly construed. In the recent case of *State v. Vakas,* 242 Kan. 103, Syl. ¶ 1, 744 P.2d 812 (1987), we said:

"It is a fundamental rule that penal statutes must be strictly construed in favor of the persons sought to be subjected to their operations. The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it."

Before proceeding further, we must determine the ordinary meaning of "molotov cocktail" and "torpedo."

Webster's Third New International Dictionary 1456 (unabridged ed. 1964) defines molotov cocktail as "a crude hand grenade made of a bottle filled with a flammable liquid (as gasoline) and fitted with a wick or saturated rag taped to the bottom and ignited at the moment of hurling."

Similarly, American Heritage Dictionary 846 (1970) defines molotov cocktail as "[a] makeshift incendiary bomb made of a breakable container filled with flammable liquid and provided with a rag wick."

Torpedo, on the other hand, is defined in Webster's Third New International Dictionary 2412 (unabridged ed. 1964) as "a detonating cartridge or shell placed on a rail to be exploded when crushed under the wheels of a railroad locomotive as a

warning signal to the engineer," and in American Heritage Dictionary 1356 (1970) as "a small explosive placed on a railroad track that is fired by the weight of the train to sound a warning of an approaching hazard."

K.S.A. 21-3732 speaks of explosives which are equipped with a fuse, wick, or any other detonating device, and which are commonly known as a molotov cocktail. The ordinary shotgun or rifle shell contains a detonator, a very small amount of very high explosive which, when struck by the firing pin of the weapon, explodes and causes the larger amount of the less sensitive material in the shell to explode. A shotgun or rifle shell, however, is not a molotov cocktail, and is not within the reach of the statute.

Similarly, contact explosives, those which are highly sensitive, explode upon contact, and need not be equipped with a wick, fuse, or other detonating device, are not molotov cocktails, and are not proscribed by the statute.

Since the complaint did not describe the item as a molotov cocktail, and since the State readily acknowledges that the item it contends respondent possessed or transported was a torpedo, a contact explosive not equipped with a fuse, wick, or other detonating device, we hold the trial court did not err in dismissing the complaint.

The judgment is affirmed.