(856 P.2d 1360)

No. 68,931

STATE OF KANSAS, *Appellant*, v. ROBERT L. SODDERS, *Appellee*.

Opinion filed August 6, 1993.

*Stephen M. Howe,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Robert T. Stephan,* attorney general, for appellant.

*Michael J. Bartee,* assistant district defender, for appellee.

Before LEWIS, P.J., ROYSE, J., and C. FRED LORENTZ, District Judge, assigned.

ROYSE, J.: This is an interlocutory appeal by the State from a district court order suppressing evidence. The appeal concerns a search warrant obtained by Overland Park police detectives for an apartment in Lenexa. Before executing the warrant, the Overland Park detectives went to the Lenexa Police Department, told a Lenexa police sergeant that they were going to execute a search warrant in Lenexa, and requested assistance. The Lenexa Police Department dispatched three uniformed officers to provide security at the apartment.

One of the Overland Park detectives obtained a key from the apartment manager and used it to enter the residence. All five

officers entered the apartment. The two Overland Park detectives conducted the search. The Lenexa officers did not participate in the search of the premises.

The defendant filed a motion to suppress the evidence obtained in the search of the apartment. The district court sustained the motion, contending that the Overland Park detectives acted outside their jurisdiction in searching the Lenexa apartment.

This case involves the interpretation of two statutes. First, K.S.A. 22-2505 states: "A search warrant shall be issued in duplicate and shall be directed for execution to all law enforcement officers of the state, or to any law enforcement officer specifically named therein." The second statute involved is K.S.A. 22-2401a, which provides in pertinent part:

"(2) Law enforcement officers employed by any city may exercise their powers as law enforcement officers:

"(a) Anywhere within the city limits of the city employing them and outside of such city when on property owned or under the control of such city; and

"(b) in any other place where a request for assistance has been made by law enforcement officers from that place or when in fresh pursuit of a person."

The State relies on K.S.A. 22-2505 for the proposition the Overland Park detectives were acting within their authority in searching the Lenexa apartment. The State reads K.S.A. 22-2505 as authority for an officer to execute a warrant anywhere in the state. That statute admittedly requires that a warrant be directed to all law enforcement officers or to specifically named law enforcement officers. It thus modifies the common-law rule requiring that a search warrant be directed to a particular person and be executed only by that person. See *U.S. v. Martin,* 600 F.2d 1175, 1181 (5th Cir. 1979). The statute places no limitation upon the territory in which an officer may operate.

The geographic limitation is contained in K.S.A. 22-2401a. That statute, instead of K.S.A. 22-2505, is operative here for three reasons. First, K.S.A. 22-2505 makes clear that search warrants must be executed by law enforcement officers; the statute does not purport to establish where an officer may execute a warrant. Second, even if K.S.A. 22-2505 and 22-2401a are understood to be in conflict, then the latest legislative expression controls. See

*Farmers State Bank & Trust Co. of Hays v. City of Yates Center,* 229 Kan. 330, 338, 624 P.2d 971 (1981). The 1977 statute, 22-2401a, thus controls the 1970 enactment, 22-2505. Finally, 22-2401a reveals a clear intent by the legislature to limit the jurisdiction of certain law enforcement officers. When a statute is plain and unambiguous, the court must give effect to the expressed legislative intent. *State v. Sleeth,* 8 Kan. App. 2d 652, 655, 664 P.2d 883 (1983). The language of 22-2505 cannot be read as an exception to the clear geographic limitation set forth in 22-2401a.

*State v. Hennessee,* 232 Kan. 807, 658 P.2d 1034 (1983), which addressed a similar problem, is instructive. In that case, the Pratt County Sheriff traveled to the Stafford County residence of the defendant and arrested her pursuant to a warrant. The Supreme Court determined that the Pratt County Sheriff acted beyond the statutory authority of K.S.A. 22-2401a. The specific limitation of 22-2401a was held to control over the general provision of K.S.A. 19-812, which requires a sheriff to execute, "according to law, all process, writs, precepts and orders issued or made by lawful authority and to him directed." The Supreme Court concluded:

"A sheriff may exercise his powers outside the county where he holds office in only two instances: (1) where he is in "fresh pursuit" of a person, or (2) where a request for assistance has been made by law enforcement officers from the area for which such assistance is requested." 232 Kan. at 807, Syl. ¶ 2.

The State urges the adoption of the Illinois rule that police officers may execute a search warrant anywhere in the State, pointing out that K.S.A. 22-2505 is derived from an Illinois statute. This argument overlooks the fact that the Illinois statute authorizes private persons, as well as law enforcement officers, to execute search warrants. The Illinois courts have emphasized that private persons are not subjected to any geographic limitation in concluding that it would be unreasonable to restrict the authority of law enforcement officers. In addition, in Illinois, police officers had been limited to the territorial boundaries of their city by a common-law rule. *People v. Carnivale,* 61 Ill. 2d 57, 329 N.E.2d 193 (1975).

The rationale employed by the Illinois courts has no bearing here. K.S.A. 22-2505 does not include any authorization for pri-

vate persons to execute search warrants. Moreover, in Kansas, the geographical restriction on the authority of law enforcement officers is statutory, not common law. For these reasons, the Illinois decisions are not persuasive in interpreting the pertinent Kansas statutes.

The State argues that K.S.A. 22-2401a is inapplicable to execution of a search warrant because the statute is found in Chapter 22, Article 24, an article entitled "Arrest." This argument is not persuasive. The State takes a narrow view of Article 24, ignoring the sections which address release of persons arrested, K.S.A. 22-2406, and crimes committed by corporations, K.S.A. 22-2409. In addition, the placement of a law in a particular location in the statutes by the Revisor of Statutes is not persuasive as to the intent of the legislature which enacted it. *Arredondo v. Duckwall Stores, Inc.,* 227 Kan. 842, 847, 610 P.2d 1107 (1980). But most important, the statute's placement provides no basis for placing a qualification on the plain, unambiguous statutory language which delineates where officers may "exercise their powers."

Alternatively, the State argues that mere participation by the Lenexa police officers should be enough to validate the acts of the Overland Park detectives under 22-2401a. The State cites numerous decisions from other jurisdictions to support this argument. Those cases are not persuasive; none of them address the combination of statutes involved here. Obviously, had it chosen to do so, the Kansas Legislature could have adopted a rule of unlimited jurisdiction for police officers, or a rule dependent upon notification or presence or participation by local officers. But, instead, the legislature set out a "request for assistance" rule in 22-2401a. This court must give effect to the statute and apply the rule adopted by the legislature.

The State's final argument is that K.S.A. 22-2401a(4) provided authority for the search by the Overland Park detectives. That subsection provides "law enforcement officers of any jurisdiction within a county designated an urban area . . . may exercise their powers as law enforcement officers in any area within such county when executing a valid arrest warrant." The State concedes that 22-2401a(4) is limited by its terms to *arrest* warrants. The subsection has no application to the execution of search warrants.

To sum up, K.S.A. 22-2401a(2) authorizes law enforcement officers employed by a city to exercise their powers outside the city: (1) on property owned or controlled by the city; (2) where they are in "fresh pursuit" of a person; or (3) where a request for assistance has been made by law enforcement officers from the place for which assistance is requested. This case does not involve property owned or controlled by a city. The State does not argue that a "fresh pursuit" occurred. The record does not show and the State does not argue that the Overland Park detectives received a request for assistance from Lenexa law enforcement officers. The Overland Park detectives acted beyond their statutory authority.

Appeal denied.