Johnson, J.,
dissenting: I dissent, because the court in State v. Wilkins, 269 Kan. 256, 7 P.3d 252 (2000), was wrong to rewrite the compulsory joinder statute to the detriment of the criminal defendant to which it applied. Wilkins not only violated the decades-old rule of strict construction, but it diluted the purpose of the statute by making joinder less compulsoiy for the State. It is this courts obligation—not the legislatures—to right its own prior wrongs, and the doctrine of stare decisis was never designed to perpetuate law that was originally erroneous. If we were not going to take *1023 a critical look at die bona fides of Wilkins' cut-from-whole-cloth “sufficiency of the evidence” holding, we should not have granted the petition for review and simply left Wilkins’ court-made law as the binding precedent.
To be clear, the issue here is one of statutory interpretation, not common law. The Berkowitz test referred to in Wilkins is simply one Court of Appeals panels attempt at parsing and enumerating the statutory requirements for compulsory joinder. See In re Berkowitz, 3 Kan. App. 2d 726, 743, 602 P.2d 99 (1979). Accordingly, the question in Wilkins was not what it takes “to satisfy the second prong of the Berkowitz test,” 269 Kan. at 263, but rather what the legislature meant by the words: “the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution.” K.S.A. 21-3108(2)(a).
The first thing to note is that the legislature did not say that a subsequent prosecution is barred when it is for a crime or crimes which were proved in a former prosecution. That would have been an easy, straight-forward way to say what Wilkins requires. In essence, Wilkins effected that result by rewriting the statute to read: “the subsequent prosecution is for a crime or crimes of which [sufficient] evidence [to support a conviction of the defendant] has been admitted in tire former prosecution.” 269 Kan. at 259. Adding language to a statute was an improper way to construe it, even way back in the year 2000.
The majority appears to excuse Wilkins’ language-adding tack by suggesting that the Wilkins court was not enlightened about our “modem pattern for interpretation of clear statutes and construction of ambiguous ones.” Slip op. at 6. But 50 years ago—three and a half decades before the Wilkins decision—this court rather explicitly set forth the fundamental mle that should have guided Wilkins’ statutoiy construction, to-wit:
“It is a fundamental rule that penal statutes must be strictly construed in favor of the persons sought to be subjected to their operations. (State v. Waite, 156 Kan. 143, 131 P.2d 708 [1942]; State v. Six Slot Machines, 166 Kan. 361, 201 P.2d 1039 [1949]; State v. Hill, 189 Kan. 403, 369 P.2d 365 [1962]; State v. Wade, 190 Kan. 624, 376 P.2d 915 [1962].) The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. (State v. Foster, 106 Kan. 852, 189 Pac. 953 [1920].) Such a statute should not be so read as to add that which *1024 is not readily found therein or to read out what as a matter of ordinary English language is in it. (State v. Terry, 141 Kan. 922, 925, 44 P.2d 258 [1935].)” State, ex rel., v. American Savings Stamp Co., 194 Kan. 297, 300, 398 P.2d 1011 (1965).
The ordinary meaning of the ordinary words, “a crime or crimes of which evidence has been admitted in the former prosecution,” is simply that the court in the prior prosecution admitted evidence of the subsequently prosecuted crime. It does not mean that evidence admitted in tire former prosecution proved the defendant guilty of the subsequent crime. Moreover, “[i]f. .. there are two reasonable and sensible interpretations of a criminal statute, the rule of lenity requires the court to interpret its meaning in favor of the accused.” (Emphasis added.) State v. Coman, 294 Kan. 84, 97, 273 P.3d 701 (2012).
Further, Wilkins appears to contradict the very precedent upon which it relies. Wilkins’ author was the same justice who, the year before, had authored State v. Barnhart, 266 Kan. 541, 972 P.2d 1106 (1999). Curiously, Wilkins cited to Barnhart for the proposition that “[t]he question is whether the second crime was proved by the admission of evidence of the second crime in the first trial.” (Emphasis added.) 269 Kan. at 263. Yet, Barnhart does not actually say that. Rather, it explained that its view was that tire legislature intended for K.S.A. 21-3108(2)(a) to give the State two choices:
“[The State] can: (1) either consolidate tire two cases or charge all the crimes in one charging instrument whereby evidence of all the crimes charged would be admissible; or (2) the State can elect to have separate trials and not use evidence of the second offense in the first trial. This statutory construction does not disadvantage either the State or the accused and conserves time and the expense required to present tire same evidence in two trials.” 266 Kan. at 549.
Barnhart comports with the statutory language; Wilkins requires a rewriting of the statute.
Wilkins’ impetus to rewrite the statute appears to have been its concern that “a mere scintilla of evidence” could bar a subsequent prosecution. Consequently, it opined that “[a] slight or passing reference to evidence will not be enough to trigger the application of K.S.A. 21-3108(2)(a).” 269 Kan. at 263. But the introduction of evidence of the subsequently prosecuted crime at the first trial is *1025 never enough, standing alone, to trigger the application of the compulsory joinder statute, even if that admitted evidence convincingly proved tire defendants guilt of the second offense. The touchstone of the compulsory joinder statute is that the subsequently prosecuted crime could have been joined in the former prosecution, i.e., “might have been included as other counts in the complaint, indictment or information filed in [the] former prosecution.” K.S.A. 21-3108(2)(a). Without a permissible joinder, there is no bar to a subsequent prosecution, with or without previously admitted evidence. The point of the statute appears to be that the State should subject the defendant to only a single trial, rather than serial prosecutions, if the laws governing joinder permit it. But if the State elects to subject a defendant to multiple trials, it cannot try out the evidence of the second crime in the first trial, even a little bit.
The majority is moved by the fact that the legislature has not chosen to amend K.S.A. 21-3108(2)(a) to correct Wilkins’ interpretation. With tongue firmly in cheek, I would say that the persons harmed by Wilkins’ holding—wrongfully prosecuted criminal defendants—simply have not yet enlisted the help of lobbyists powerful enough to convince legislators to sponsor or support such soft-on-crime legislation. Of course, an election year might not be the best time to attempt that Herculean task. There are good reasons that we place little value on legislative inaction, and this case illustrates one of them.
I am likewise unpersuaded by the majority’s half-hearted invocation of the doctrine of stare decisis. In the first place, I do not understand the concept of partial stare decisis which the majority apparently employs. While saying that stare decisis applies, which would bind this court to Wilkins’ precedent, the majority proceeds to modify the language of Wilkins’ holding to correct an error in Wilkins’ statutory interpretation. It would seem that if a court is modifying the holding of a prior case, it is not binding itself to that precedent. But cf. Miller v. Johnson, 295 Kan. 636, 653, 289 P.3d 1098 (2012) (declaring stare decisis mandated following the result of a prior case while rejecting prior case’s rationale for its holding). In other words, if the constraint of stare decisis does not prevent *1026 the majority’s correction of Wilkins’ erroneous use of “would” instead of “could,” it would not prevent the correction of Wilkins’ failure to employ the rule of strict construction of a penal statute. In my view, cherry-picking the parts of a prior decision that the court wants to follow in the current case is anathema to the concept of being bound by that prior precedent.
Nevertheless, even if partial stare decisis is not an oxymoron, the doctrine is still subject to exceptions, such as where the court is clearly convinced a rule of law established in its earlier cases was originally erroneous. Rhoten v. Dickson, 290 Kan. 92, 112, 223 P.3d 786 (2010); see also Miller, 295 Kan. at 707-08 (Beier, J., dissenting) (governing rule of stare decisis and its recognized exceptions “excuses us from following precedent that is ‘plainly and unmistakably the result of mistake and error’”). I submit that Wilkins’ sufficiency of the evidence addendum to K.S.A. 21-3108(2)(a) was originally erroneous and the product of mistake and error in the application of well-established rules of statutoiy construction. I would rectify that error now. ' '